IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KELLY CARLIER, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　　　　　　　Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Kelly Carlier ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief against Defendant Charter Communications, Inc. ("Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to stop Defendant's practice of making unsolicited debt collection robocalls to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.　Defendant has regularly called Ms. Carlier's cellular telephone since at least November 2019 using an automatic telephone dialing system ("ATDS") and/or prerecorded voice without her prior consent. Defendant continues to call Ms. Carlier to this day. A selection of Defendant's calls to Ms. Carlier are listed below:

| Defendant's Phone Number | Date of Call |
|---|---|
| 866-914-5806 | Nov. 22, 2019 at 12:02 P.M. |
| 866-914-5806 | Nov. 22, 2019 at 6:03 P.M. |
| 866-914-5806 | Dec. 17, 2019 at 10:57 A.M. |

| | |
|---|---|
| 866-914-5806 | Dec. 17, 2019 at 4:59 P.M. |
| 866-914-5806 | Dec. 30, 2019 at 5:43 P.M. |
| 866-914-5806 | Jan. 17, 2020 at 11:00 A.M. |

2.  On each of the calls, Defendant sought to collect a debt from someone who is not Ms. Carlier. When the calls first began, Ms. Carlier picked up the phone and informed Defendant that she was not the person Defendant was looking for. Yet, Defendant continued to harass Ms. Carlier with calls.

3.  On many of the calls, Ms. Carlier would hear a momentary pause when she picked up the phone before a live person spoke. The pause is a hallmark of an automatic telephone dialing system ("ATDS"). According to the Federal Communications Commission and experts on telecommunications equipment, an ATDS has the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then text those numbers.

4.  On the other calls, Ms. Carlier heard prerecorded messages from Defendant when she picked up the phone.

5.  Ms. Carlier never provided consent to be called by Defendant using an ATDS or prerecorded voice.

6.  The unlawful calls placed to Ms. Carlier are part of Defendant's pattern or practice of calling consumers on their cellular telephones using an artificial or prerecorded voice and/or an autodialer who have no direct relationship with Defendant, and are not the proper subjects of the calls.

7.  Defendant's calls violated the TCPA because Defendant placed these calls with an artificial or prerecorded voice and/or a predictive dialer with the present capacity to function

as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

8. Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").  Defendant's campaign of unlawful conduct also includes the use of an artificial and prerecorded voice.

9. By making these automated and autodialed calls, Defendant caused Ms. Carlier and the members of the Classes actual harm and cognizable legal injury.  This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

10. Furthermore, Defendant made the calls knowing they interfered with Ms. Carlier's and the other members of the Classes' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

11. Moreover, a number of the calls were made while Ms. Carlier and other members of the Classes were at home, thus intruding upon the sanctity and privacy of their homes.

12. Upon information and belief, Defendant has made and continues to make similar calls to consumers without prior authorized consent, namely persons who are not the true subject of Defendant's calls.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also repeatedly violated the TCPA.

13. Defendant does not adequately ensure that it is calling numbers that are in fact associated with the persons it is trying to reach.  As a result, it continues to terrorize consumers

with incessant robocalls to people with whom it has no business and want nothing to do with Defendant. There are also myriad examples of pre-recorded messages being left for consumers.[1] Complaints about this practice are manifest:

- Won't stop calling, Asking for wrong person.[2]
- Trying to hawk unwanted services under the guise of it being an "important message" - just more spam from the worst company in the world.[3]
- TOTAL SPAM AHOLES!!!!!![4]
- Caller said I owed money. Over $300.[5]
- A robocall… I dropped Spectrum years ago and have no account with Spectrum
- I don't even use those people who called.[6]
- I answered the call and said hello. An automated voice said goodbye![7]
- Keep call and talk about their Spectrum they are fraud.[8]
- Called saying it was a recording from Spectrum and gave a call back number that was the same as the recorded messages number.[9]
- I have asked them to stop calling my personal cell phone number but continue receiving calls.[10]

---

[1] (866) 914-5806, https://directory.youmail.com/directory/phone/8669145806 (last accessed Feb. 6, 2020).
[2] (866) 914-5806, https://lookup.robokiller.com/p/866-914-5806 (last accessed Feb. 6, 2020).
[3] *Id*.
[4] *Id*.
[5] (866) 914-5806, https://800notes.com/Phone.aspx/1-866-914-5806 (last accessed Feb. 6, 2020)
[6] (866) 914-5806, https://www.shouldianswer.com/phone-number/8669145806 (last accessed Feb. 6, 2020)
[7] (866) 914-5806, https://who-calledme.com/Number/866-914-5806 (last accessed Feb. 6, 2020)
[8] *Id*.
[9] (866) 914-5806, https://www.numberguru.com/phone/866/914/5806/ (last accessed Feb. 6, 2020)

14. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit on behalf of herself and the putative Classes and seeks an injunction requiring Defendant to cease its TCPA violations, adequately ensure that it is only calling numbers that are in fact associated with persons from whom it has received prior express consent, and pay statutory damages to the members of the Classes under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

15. Plaintiff Kelly Carlier is, and at all times mentioned herein was, a resident of Independence, Missouri, and a citizen of the State of Missouri.

16. Defendant Charter Communications, Inc. is a telecommunications and mass media company that offers its services to over 26 million customers in 41 states under the "Spectrum" branding. Defendant is organized and incorporated under the laws of Delaware and maintains, and at all times mentioned herein maintained, its corporate headquarters at 400 Atlantic Street, Stamford, Connecticut 06901.  Defendant is a "person" as defined by 47 U.S.C. § 153(39)

17. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was

---

[10] (866) 914-5806, https://findwhocallsyou.com/8669145806?CallerInfo (last accessed Feb. 6, 2020)

5

done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

18.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

19.  This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District.

20.  Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

21.  Plaintiff brings this action on behalf of herself and all other persons similarly situated.

22.  Plaintiff proposes the following "Robocall Class" definition, subject to amendment as appropriate:

> "All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

23.  Plaintiff also proposes the following "Autodialer Class" definition:

> "All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

24.  Collectively, the Robocall Class and the Autodialer Class shall be known as the "Classes."

25.     Plaintiff represents, and is a member of, these proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

26.     **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

27.     **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, wasted time spent answering these calls, and violations of their statutory rights.

28.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

29.     The proposed Classes can be easily identified through records maintained by Defendant.

30.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made calls to Plaintiff and the Classes using an ATDS and/or an artificial or prerecorded call without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

      d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

31.    **Typicality.**  Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received calls on their cellular or landline telephones and were not the intended recipient of those calls, nor did they consent to those calls.

32.    **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

33.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

34.    **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.

35.    The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

36.    Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because members of the Classes, by definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular or landline telephones.

37.    Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

38. Moreover, upon information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Robocall and Autodialer Classes.

41. Defendant made numerous unauthorized calls to Plaintiff's cell phone using an artificial or pre-recorded voice and/or an ATDS without prior express consent.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA.

43. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

45. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

46. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

47. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Robocall and Autodialer Classes.

48. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. §64.1200, *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

50. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

51. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

c. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

f. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: February 26, 2020	Respectfully submitted,

**REARDON SCANLON LLP**

By: /s/ *James J. Reardon, Jr.*
	James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:   (212) 989-9163
Email:  jarisohn@bursor.com

*Attorneys for Plaintiff*